The Chief Justice
delivered the opinion of the court.
This was an action of covenant, upon a deed of bargain and sale of slaves, containing a covenant warranting their soundness, and purporting to be executed in consideration of a sum of money therein mentioned, to be paid to the defendants by the plaintiffs’ testator. The breach of the covenant is alledged in the unsoundness of one of the slaves.
The defendants, by their plea, in substance, alledge that they sold and delivered the slaves to the plaintiff’s testator, without warranty, and that some time thereafter, they voluntarily executed the covenant of warranty in the deed of bargain and sale, without any other consideration than the executed contract of sale aforesaid. To this plea, the plaintiffs demurred, but their demurrer was overruled, and having leave to do so, they filed a replication, traversing the matters of the plea and tendering an issue to the country. To the replication the defendants demurred, and their demurrer being overruled, they joined in the issue to the country. Upon that issue a verdict was found for the defendants, and a motion made by the plaintiffs for a new trial having been refused, a judgment was thereupon entered for the defendants, from which the plaintiffs have appealed to this court.
Two questions are made by the assignment of error—1. Whether the plea of the defendants is sufficient. 2d. Whether the court below erred in refusing to grant a new trial.
In relation to the first question it is proper to premise that as the plaintiffs, after their demurrer was overruled, replied to the plea, they thereby waived the demurrer, and cannot consequently now avail themselves of any objection to the plea, which might not have been taken advantage of if the demurrer had not been filed. Putting the demurrer out of the question, we think the plea must be adjudged sufficient. For if, in truth, the slaves were sold and delivered without warranty, the defendants could have been under no obligation in virtue of the sale to execute afterwards a covenant of warranty As the plea, therefore, avers the previous sale without warranty, and alledges that there was no other consideration for the execution of the covenant of warranty, the plea must be deemed intrinsically good under the *144 statute of 1801, according to the construction given to that statute by the repeated adjudications of this court. The objection, indeed, which is taken to the plea, is not predicated upon any inherent defect in the plea, but upon the ground that the defendants were estoped by their deed of bargain and sale declared on, to alledge the matters contained in the plea. As the deed declared on purports to be a sale then made of the slaves, and to be executed upon a valuable consideration therein mentioned, it is obvious that the material averment of the plea contravenes the import of the deed; and it is no doubt, in general, true, that a party, when he admits his deed, is estoped to alledge any thing in contravention of it.
To render an estopel operative, it must be urged in proper time by demurrerwhere the matter of estopel is a part of the record; by plea where it is not a part of the record; but if the party takes issue on the matter of estopel, the jury are not bound by the estopel.
In a plea traversing the consideration of a deed, deft. takes on himself the one's probandi if he fails in proof, the deed is evidence of consideration.
But to render an estopel operative, it must be taken advantage of at the proper time, and in a legitimate mode. When the matter of the estopel appears on the record, it may be taken advantage of by demurrer; and when it does not appear, it may be set forth and relied on.
But if, instead of taking advantage of it in either of these modes, the party replies and takes issue upon the fact, the court and jury will not be bound by the estopel. Thus in debt,for rent upon a lease by indenture,if the defendant pleads nil habuit in tenementis, and the plaintiff replies quod habuit in tenementis, the jury may find the truth of the fact, and the court will give judgment accordingly, without regard to the estopel: Com. Digest, title Estopel, C and E.
It follows, therefore, that the objections to the sufficiency of the plea cannot be sustained.
The new trial was asked for on the ground that the verdict was against evidence. In deciding whether the circuit court erred in refusing a new trial, we should recollect that according to the pleadings, as before stated, it was incumbent on the defendants, in support of the issue on their part, to prove that previous to the execution of the deed of bargain and sale, they had sold and delivered the slaves without warranty. There is some evidence conducing to establish the fact of a previous sale, but there is none to prove that the sale was made without warranty, and most unquestionably in the absence of any such proof, the deed of bargain and sale containing the covenant of warranty, is very pursuasive evidence that the previous sale had been made with warranty.
The verdict was, therefore, unsupported by the evidence, and the court ought to have granted a new trial.
Pope for appellant, Hardin for appellee.
Judgment reversed with costs, and the cause remanded, that a new trial may be had not inconsistent with this opinion.